928 F.2d 1133
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Lewis Arnold McCOY, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 90-3102.
 United States Court of Appeals, Sixth Circuit.
 March 26, 1991.
 
 On Appeal from the United States District Court for the Southern District of Ohio, 88-00639, Spiegel, J.
 S.D.Ohio
 AFFIRMED.
 Before BOYCE F. MARTIN, Jr., MILBURN, Circuit Judges and WELLFORD, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 Pro se appellant, Lewis Arnold McCoy, appeals the district court's denial of his motion to vacate his sentence under 28 U.S.C. Sec. 2255, and his motion to expand the record. Because we find no clear error on the part of the district court, we affirm.
 
 
 2
 The facts underlying appellant's claims are contained in this court's opinion in United States v. McCoy, 848 F.2d 743, 744 (6th Cir.1988):
 
 
 3
 On April 2, 1987, McCoy was indicted by a federal grand jury on three counts of bank robbery. The first count charged McCoy with the armed robbery of a bank in Middletown, Ohio on November 7, 1986. The second count charged McCoy with the unarmed robbery of the Forest Park, Ohio branch of the Central Trust Company on December 22, 1986. The third count charged him with the unarmed robbery of the same Forest Park bank on February 25, 1987.
 
 
 4
 McCoy asked the district court to conduct separate trials on each of the three counts. The court granted McCoy's motion in part and denied it in part. The district court ordered that the third count be tried separately because McCoy intended to offer an alibi defense to that charge, but the court ruled that the first and second counts were of the same or similar character and should be tried jointly. At the first trial, McCoy was acquitted of the February 1987 robbery charged in the third count. Following a subsequent trial, a jury acquitted McCoy of the November 1986 robbery charged in the first count, but the jury convicted him of the December 1986 robbery charged in the second count.
 
 
 5
 On appeal, McCoy raised a number of issues with regard to the fairness of his trial: (1) he claimed that the district court's refusal to conduct separate trials on the first and second counts compromised his right to a fair trial; (2) he claimed that the district court had allowed the United States to use its peremptory challenges to exclude potential jurors solely on the basis of race; (3) he claimed the trial court erroneously admitted into evidence photographs of a lineup; (4) he claimed there was insufficient evidence to support his conviction; and (5) he claimed that the prosecution had failed to provide him with a witness' prior written statement, in violation of the Jencks Act, 18 U.S.C. Sec. 3500(b).
 
 
 6
 This court concluded that error did exist with regard to the admittance of the lineup photo; however, that error was harmless. All other claims being without merit, McCoy's conviction was affirmed.
 
 
 7
 McCoy then brought a 28 U.S.C. Sec. 2255 Habeas Corpus motion seeking to vacate his sentence on six specific grounds. McCoy claims he was (1) denied effective assistance of counsel; (2) denied his fifth amendment right to due process by unfair and inadequate investigative techniques; (3) prejudiced by the admission of an eyewitness identification that had no independent basis; (4) prejudiced by a district court which abused its discretion by not setting forth findings of fact and conclusions of law when admitting the eyewitness identification of the defendant; (5) prejudiced by a suggestive in-court identification procedure; and (6) denied his sixth amendment right to confrontation by the limitation on the scope of cross-examination. McCoy also moved to expand the record in the vacation proceeding to include the complete FBI and Forest Park Police investigation files pertaining to counts 1, 2, and 3 of the Indictment and the complete Grand Jury minutes and testimony relevant to counts 1, 2, and 3 of the Indictment. The district court denied both motions.
 
 
 8
 The district court first addressed McCoy's motion to expand the record. It concluded that McCoy was not entitled to discover the FBI or Forest Park police reports because Fed.R.Crim.P. 16(a)(2) specifically excludes that material from disclosure. The court found that such a broad discovery request could not be justified under the Jencks Act, 18 U.S.C. Sec. 3500. See United States v. Nickell, 552 F.2d 684 (6th Cir.1977), cert. denied, 436 U.S. 904 (1978). The court also rejected McCoy's request for Grand Jury testimony because it found McCoy had made no showing that grounds exist to permit discovery under Fed.R.Crim.P. 6(e)(3)(C)(ii). Accordingly, McCoy's motion to expand the record was denied.
 
 
 9
 The court then examined the substantive claims of McCoy's Sec. 2255 motion. Noting that it had tried McCoy on count 3 of the Indictment, for which he was acquitted, the court concluded that from its own observance, and a careful reading of the record, McCoy's council did not fall below the standard of reasonable effective assistance. See Strickland v. Washington, 466 U.S. 668, 687-97 (1984). The court then reviewed each claim of ineffectiveness asserted by McCoy; all were found to be without merit.
 
 
 10
 The court rejected McCoy's argument as to ineffectiveness for his attorney's waiver of his right to prior written statements of a witness. The court found that no waiver had occurred, and that the point was moot because this court had considered the issue on direct appeal. United States v. McCoy, 848 F.2d at 746-47.
 
 
 11
 McCoy's second allegation of ineffectiveness, that his attorney waived his right to present an alibi defense to count 2, was also rejected because McCoy had not demonstrated that he had an alibi. McCoy's third claim asserts ineffectiveness for failure to adequately investigate an illegally held suggestive lineup; the court rejected this claim because no prejudice arose where identification in the lineup was not presented to the jury, and because identification witnesses were found to have a basis independent of the lineup.
 
 
 12
 McCoy's fourth claim of ineffectiveness alleges failure to adequately investigate the facts underlying Count 2, and a failure to submit a motion for exculpatory evidence. The court found counsel had been adequately prepared to defend Count 2, and that a suppression motion had indeed been made at the beginning of the hearing.
 
 
 13
 McCoy's fifth claim is that his attorney failed properly to object to the testimony of an identification witness. The court found no ineffectiveness because objections had been made both pre-trial and at the suppression hearing.
 
 
 14
 McCoy's final ineffectiveness claim asserts failure to object to the testimony of Agent Woods. Woods is a FBI officer who interviewed McCoy as to Count 3, of which he was acquitted. The court noted that a pre-trial objection was raised and overruled because Wood's testimony was to be limited to the issue of motive. Because McCoy offered no argument as to the admissibility of Wood's testimony, the court found no prejudice by the failure to renew the objection.
 
 
 15
 The court then addressed the remaining grounds for vacation of the sentence. The court rejected McCoy's claim that he was prejudiced by unfair investigative techniques because of the disappearance of the prior written statement of a witness, ruling that this court had decided the issue adversely on direct appeal, and therefore, the issue could not be relitigated. See United States v. McCoy, 848 F.2d at 746-47. The court also dismissed McCoy's claims that he was prejudiced by the admission of eyewitness testimony that had no independent basis and that he was prejudiced by Judge Porter's failure to make findings of fact regarding the admissibility of that testimony. The court determined that the transcript demonstrated Judge Porter had made correct findings of law as to that testimony based on the record of the suppression hearing. McCoy's claim that he was prejudiced by the government's use of a suggestive display shown to a witness at trial was rejected by the court because that issue had been resolved on direct appeal as harmless error. Id. at 745-46. Likewise, the court rejected McCoy's claim that he was denied the right to fully cross-examine an identification witness due to the government's failure to produce her prior written description of the robber; that issue was reviewed by this court as well. Id. at 746-47.
 
 
 16
 On appeal, McCoy argues that the district court was clearly erroneous in denying each element of relief he requested. He makes no new assertions other than to claim that the district court erred in denying him the opportunity to relitigate those issues reviewed by this court in his earlier appeal. We disagree. After thoroughly reviewing the record, we conclude the the district court committed no clear error in denying McCoy a second bite at the apple or in dismissing McCoy's motion to expand the record or to vacate his sentence.
 
 
 17
 Accordingly, the judgment of the district court is affirmed.